Himalayans Acupuncture, P.C., as Assignee of Davron Khuseynov, Diblar Sharipova and Djalilov Shavkat, Respondent,
against
Global Liberty Insurance Company of New York, Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Petre and Zabokritsky, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered August 17, 2016. The order, insofar as appealed from as limited by the brief, denied defendant's motion to sever the first cause of action seeking to recover upon a claim for services rendered to Davron Khuseynov from the remaining causes of action.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals, as limited by the brief, from so much of an order of the Civil Court as denied defendant's motion, which had sought, pursuant to CPLR 603, to sever the first cause of action seeking to recover upon a claim for services rendered to Davron Khuseynov from the remaining causes of action. Defendant's counsel asserted that the causes of action had arisen out of two accidents and that multiple defenses had been interposed in the answer. The Civil Court denied defendant's motion.
The decision to grant severance (see CPLR 603) is an exercise of judicial discretion which, in the absence of a party's showing of prejudice to a substantial right, should not be disturbed on appeal (see City Chiropractic, P.C. v Auto One Ins. Co., 59 Misc 3d 144[A], 2018 NY Slip Op 50730[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; King's Med. Supply, Inc. v GEICO Cas. Ins. Co., 14 Misc 3d 136[A], 2007 NY Slip Op 50232[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). In the instant matter, while the assignors were injured in separate accidents and defendant interposed 48 defenses in its answer, these two facts do not [*2]demonstrate that resolution of the claims for services rendered to each assignor will involve different questions of law and fact. As such, the record does not establish that the Civil Court's denial of defendant's motion was an improvident exercise of discretion.
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 08, 2019